Edmundo LOPEZ–VELASQUEZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 07–73465, 07–74854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2008.

Filed Jan. 15, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Matt Adams, Jordan Wasserman, Esquire, Northwest Immigrant Rights Project, Seattle, WA, for Petitioner.

\* This disposition is not appropriate for publication and is not precedent except as provided

Aimee J. Frederickson, Trial, Julie Suzanne Pfluger, Mary Jane Candaux, Assistant Director, John Hogan, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: BEEZER, GOULD and CALLAHAN, Circuit Judges.

## MEMORANDUM \*

In this consolidated appeal, Edmundo Lopez–Velasquez petitions for review of (1) Immigration and Customs Enforcement's ("ICE") reinstatement of his 1994 deportation order and (2) the Bureau of Immigration Appeals' ("BIA") denial of his motion to reopen the 1994 deportation proceeding. We have jurisdiction and deny both petitions for review.

Because the parties are familiar with the factual and procedural history of the case, we do not repeat it here.

We review de novo questions of jurisdiction. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1245 (9th Cir.2008). We also review de novo due process claims and questions of law raised in immigration proceedings. *Garcia de Rincon v. Dep't of Homeland Sec.,* 539 F.3d 1133, 1136 (9th Cir.2008).

by Ninth Circuit Rule 36–3.

## I

Lopez–Velasquez argues that ICE erred by reinstating the 1994 deportation order while his motion to reopen the 1994 deportation proceeding was pending. Lopez–Velasquez's reliance on *Perez–Gonzalez v. Ashcroft*, 379 F.3d 783, 787–88 (9th Cir.2004), for the general proposition that reinstatement must be postponed until the adjudication of affirmative applications for relief is misplaced. *Perez–Gonzalez* did not establish such a time line; rather, it clarified that the reinstatement of *Perez–Gonzalez's* deportation order did not cut off his prior applications for discretionary relief under 8 C.F.R. § 212.2 which, if granted, would have allowed him to remain in the country legally. *Id.* at 788. Lopez–Velasquez seeks no such waiver and has identified no other case law or statute that supports his argument. Our jurisprudence counsels against allowing an alien who has illegally reentered the country to remain here while challenging the underlying deportation proceeding. *See Morales–Izquierdo v. Gonzales*, 486 F.3d 484, 491, 494 (9th Cir.2007) (acknowledging that reinstatement is a streamlined administrative process for the expeditious removal of illegal reentrants).

By way of his petition for review of the reinstatement order, Lopez–Velasquez attempts to collaterally attack the 1994 deportation order as contravening his due process rights. The Government argues that the reinstatement statute, 8 U.S.C. § 1231(a)(5), prohibits our consideration of this challenge. We disagree. Although we "generally prevent[ ] a petitioner from collaterally attacking an underlying removal order on constitutional due process

grounds, § 1252(a)(2)(D) permits some measure of review if the petitioner can demonstrate a 'gross miscarriage of justice' in the prior proceedings." *Rincon*, 539 F.3d at 1138.

That 8 U.S.C. § 1252(a)(2)(D) restores our jurisdiction over constitutional claims and legal questions is of little practical benefit to Lopez–Velasquez because he cannot demonstrate that he suffered a gross miscarriage of justice. Lopez–Velasquez argues that his due process rights were violated in the 1994 deportation proceeding because the immigration judge did not inform him that certain legal permanent residents may qualify for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), and that his legal domicile would continue to accrue while his appeal was pending. At the time of his hearing on February 10, 1994, "to be eligible for § 1182(c) relief, [an] alien [had to] accumulate seven years of lawful unrelinquished domicile *after* [his] admission for permanent residence." *Castillo–Felix v. INS*, 601 F.2d 459, 467 (9th Cir.1979) (emphasis added). Lopez–Velasquez became a lawful permanent resident on December 1, 1990, leaving him approximately three years and nine months shy of § 212(c)'s seven year requirement. The immigration judge's failure to inform Lopez–Velasquez that he may have eventually been able to apply for § 212(c) waiver is not a violation of his right to due process, much less a gross miscarriage of justice.[1] Lopez–Velasquez cannot, therefore, collaterally attack the 1994 deportation order by way of

---

1. Were we to accept Lopez–Velasquez's argument that the immigration judge should have predicted that Castillo–Felix would be overturned to allow lawful domicile to run from the day an alien applied for an amnesty program—which we do not—Lopez–Velasquez would still have been approximately eight months shy of § 212(c)'s seven year requirement. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1361 (9th Cir.1995) (distinguishing *Castillo–Felix* based on subsequently enacted Immigration Reform Act).

this petition for review.[2]

## II

■ Lopez–Velasquez challenges the BIA's denial of his motion to reopen the 1994 deportation proceeding.

As an initial matter, the Government argues that 8 U.S.C. § 1231(a)(5) prevents Lopez–Velasquez's 1994 deportation proceeding from being reopened. In *Morales–Izquierdo,* we explained that "the reinstatement of a prior order does not change the alien's rights or remedies.... [It] creates no new obstacles to attacking the validity of the removal order and does not diminish the petitioner's access to whatever path for lawful entry might otherwise be available to him under the immigration laws." 486 F.3d at 497–98 (citation omitted). We are thus unpersuaded by the Government's argument that the reinstatement order bars all future review of the underlying proceeding.

Lopez–Velasquez argues that the petition for review should be granted because the BIA ignored evidence concerning when he discovered the procedural mechanism to seek review of the 1994 deportation proceeding and because the BIA misapplied the doctrine of equitable tolling. The court has jurisdiction to consider these claims of legal error.[3] *See* 8 U.S.C. § 1252(a)(2)(C) & (D); *see also Ghahremani v. Gonzales,* 498 F.3d 993, 999 (9th Cir.2007).

In its order denying the motion to reopen, the BIA stated that Lopez–Velasquez "might be entitled to equitable tolling up until December 2006," and that he failed to "explain why he waited 8 months

before seeking reopening." Nothing in the record suggests that Lopez–Velasquez took any affirmative steps to follow up on the immigration ramifications of his defense counsel's advice that the 1994 deportation proceeding had violated his rights. The BIA's criticism of Lopez–Velasquez's failure to explain the delay indicates that it found fault with his inaction after being told by his attorney the "essential information bearing on [his] claim" that the underlying proceedings should be reopened. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184–85 (9th Cir.2001) (explaining that to qualify for equitable tolling, "all one need show is that by the exercise of reasonable diligence the proponent of tolling could not have discovered essential information bearing on the claim") (citation and quotation omitted). In reaching the conclusion that Lopez–Velasquez failed to exercise due diligence, the BIA did not ignore evidence or misapply the doctrine of equitable tolling.

**PETITIONS FOR REVIEW DENIED.**

---

**2.** Furthermore, Lopez–Velasquez's contention that he remains eligible for § 212(c) relief is questionable. *See Abebe v. Mukasey,* 554 F.3d 1203 (9th Cir.2009) (en banc) (per curiam).

**3.** Lopez–Velasquez also argues that the BIA should have granted the motion to reopen

because he suffered a gross miscarriage of justice as a result of the 1994 deportation proceeding. We will not address this argument because we have already concluded that there was no miscarriage of justice.